CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 4, 2018

LETTER TO COUNSEL

RE: *Jazzlyn Flores v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-12-3316

Dear Counsel:

Elliott Andalman, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Jazzlyn Flores before this Court. [ECF No. 24]. In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Andalman's requested amount constitutes a reasonable fee. [ECF No. 25]. I have considered those filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Andalman's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On September 23, 2013, this Court awarded Mr. Andalman $5,494.21 for 36.60 hours worked on Ms. Flores's case in federal court. [ECF No. 23]. Ms. Flores subsequently received a revised Award Notice, in which she was awarded $237,212.00 in past due benefits. [ECF No. 24-3]. The SSA withheld twenty-five percent of Ms. Flores's past-due benefits, amounting to $59,303.00. *See id.* On March 6, 2018, Mr. Andalman filed a Motion for Attorney's Fees, seeking $59,303.00 in attorney's fees, less $6,000.00 already paid for work at the administrative level, or $53,303.00. [ECF No. 24]. Mr. Andalman has agreed to deduct $5,494.21 in fees previously received from the amount to be collected. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative received." *Id.* Importantly, the Supreme Court acknowledged that a

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* at 808.

Here, Mr. Andalman and Ms. Flores entered into a contingent fee agreement, by which Ms. Flores agreed to pay Mr. Andalman twenty-five percent of all retroactive benefits to which she might become entitled. [ECF No. 24-1]. In his previous motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), Mr. Andalman submitted an itemized report documenting the 36.60 hours he expended before this Court in Ms. Flores's case.[2] [ECF No. 19-2]. Notably, the 36.60 hours worked included time spent on clerical and administrative tasks, totaling 8.6 hours. *See id.* (itemizing clerical tasks, such as drafting and/or filing cover letters, a civil cover sheet, a three-page form complaint, summons, a consent to proceed before a magistrate form, and a consent motion for extension). As an initial matter, "[t]asks of a clerical nature are not compensable as attorney's fees." *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all."). Social Security plaintiffs in this district have access to a form complaint, with just four blank spaces requiring insertion of (1) the place plaintiff resides, (2) the plaintiff's name, (3) the type of benefits that were denied, and (4) the date of the final administrative decision. Although Mr. Andalman seems to have retyped the form complaint instead of simply filling in the blanks, the complaint in the instant case includes limited factual information, no legal analysis, and could be completed by an administrative employee in a matter of minutes. [ECF No. 1]; *see Watkins v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-602, 2017 WL 1185190, at *1 (D. Md. Mar. 28, 2017). Similarly, the Plaintiff's General Consent to Proceed Before a United States Magistrate Judge and Consent Motion for Extension of Time and Amendment of Scheduling Order are simple, routine court filings that consist of generic language with no factual or legal analysis. [ECF Nos. 5, 12]; *see King v. Colvin*, Civil Case No. SAG-08-2382, 2014 WL 4388381, at *3 (discounting time entries related to receiving and reviewing consent motions for extensions of time). In total, then, Mr. Andalman's firm expended 28 hours of attorney time on Ms. Flores's case before this Court. If Mr. Andalman receives the full amount of fees he requests, his fee for representation before this Court will effectively total $2,117.00 per hour. Mr. Andalman must therefore show that an effective rate of $2,117.00 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

---

[2] In his motion, Mr. Andalman attached a "detailed, contemporaneous record of the time spent by claimant's counsel on behalf of" Ms. Flores, which shows 150.20 hours worked by Mr. Andalman, fellow attorneys, and paralegals at the administrative level. [ECF No. 24-4 ¶ 1]. This Court, however, is "without jurisdiction to decree compensation for professional representation at the administrative level, because the [Agency] alone is empowered to make awards for services rendered in agency proceedings." *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005) (internal quotation marks and citations omitted). Thus, this Court is limited to determining a reasonable fee for the hours of work performed in this venue. *See id.*; *see also King v. Colvin*, Civil Case No. SAG-08-2382, 2014 WL 4388381, at *2 (D. Md. Sept. 4, 2014).

Notably, Mr. Andalman's requested fee is over four times the top hourly rate that is presumptively reasonable for attorneys of his experience level, pursuant to the fee guidelines appended to the Local Rules of this Court.³ Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Andalman's requested rate far exceeds the typical rate awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.70); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Colvin*, Civil No. SAG-12-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). While this Court notes Mr. Andalman's effective performance and the substantial past-due benefit award to his client, Mr. Andalman's request for $59,303.00 for 28 hours in this case would result in a windfall. Instead, this Court finds that an award of $39,900.00, amounting to an hourly rate of $1,425.00, or triple the hourly rate under the fee guidelines for an attorney of like experience, would adequately compensate Mr. Andalman for the time that he spent on this case in this Court.

For the reasons set forth herein, this Court GRANTS in part and DENIES in part Mr. Andalman's motion for attorney's fees, [ECF No. 24]. This Court will award Mr. Andalman attorney's fees totaling $39,900.00. Mr. Andalman is directed to reimburse to Ms. Flores the $5,494.21 in fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

³ Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2016). For attorneys admitted to the bar for twenty (20) years or more, like Mr. Andalman, the presumptively reasonable hourly rate is between $300.00 and $475.00 per hour. *Id.*